**Dismissed and Memorandum Opinion filed July 29, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00562-CR

**HAMZEH H. SHARAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-CCR-191690**

## MEMORANDUM OPINION

This is an appeal from denial of relief on a post-conviction application for a writ of habeas corpus filed in a misdemeanor case in which community supervision was ordered. Concluding the application in question is an impermissible subsequent application for a writ of habeas corpus, we dismiss this appeal.

Appellant Hamzeh H. Sharan pleaded no contest to the Class B misdemeanor of knowingly or intentionally possessing a usable quantity of

marihuana in the amount of two ounces or less. Tex. Health & Safety Code Ann. § 481.121(a), (b)(1). In 2017, the trial court accepted the guilty plea, deferred adjudication, and placed appellant on community supervision. In April 2019, appellant filed an application for a writ of habeas corpus arguing that his plea was not knowing and voluntary because his former counsel had not advised him of the immigration consequences of the plea. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 1. The trial court denied relief in an order signed in July 2019, from which appellant appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8.

Appellant, however, had previously filed an application seeking habeas-corpus relief on the same grounds. In December 2018, appellant filed his "Non Inmate Applicant's Petition for Writ of Habeas Corpus and Motion to Vacate Conviction," in which he also argued that his plea was not knowing and voluntary due to deficient advice from his counsel regarding immigration consequences. The trial court held an evidentiary hearing on this application in February 2019 and signed an order that same month denying relief on the merits of all claims raised in the application.[1]

Code of Criminal Procedure article 11.072, section 9(a), provides:

> If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

---

[1] As it was not entirely clear from the record what action the trial court had taken on the December 2018 application, we abated for additional findings, which the trial court provided and which are reflected in this opinion.

Tex. Code Crim. Pro. Ann. art. 11.072, § 9(a). A "final disposition" of an initial application "must entail a disposition relating to the merits of all the claims raised." *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997). Here, in February 2019, the trial court rendered a final disposition of all claims raised in appellant's December 2018 application. Appellant did not appeal; instead, appellant sought habeas-corpus relief on the same grounds in his April 2019 application, the denial of which he now appeals. Because the April 2019 application was a subsequent application for a writ of habeas corpus that (1) was filed after final disposition of appellant's initial application and (2) raised no previously unavailable factual or legal basis for the claim, this court is barred from considering its merits. Tex. Code Crim. Proc. Ann. art. 11.072, § 9(a).

We dismiss this appeal. *See id.*; Tex. R. App. P. 43.2(f).

/s/    Charles A. Spain
       Justice

Panel consists of Justices Jewell, Spain, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).